IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ZENIA HELBIG,                          )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )          Case No. 08-3214-CV-S-ODS
                                       )
JOSEPH McCROY,                         )
                                       )
            Defendant.                 )

ORDER GRANTING MOTION TO SUBSTITUTE PARTY AND GRANTING MOTION
TO DISMISS FOR LACK OF JURISDICTION

        The above-captioned action is one for common-law libel, filed by Plaintiff Zenia
Helbig, a private citizen, against Defendant Joseph McCroy, a First Lieutenant in the
United States Army.  On June 26, 2008, Defendant filed a Motion to Substitute the
United States as defendant (Doc. # 3) pursuant to 28 U.S.C. § 2679(d)(1), stating
Defendant was acting within the scope of his employment as an employee of the United
States of America at the time of the actions referred to in Plaintiff's complaint, as
certified by the United States Attorney for the Western District of Missouri.  On the same
day, the United States filed a Motion to Dismiss (Doc. # 4) Plaintiff's complaint because
Plaintiff's exclusive remedy against the United States is under the Federal Torts Claims
Act ("FTCA") which requires plaintiffs to file an administrative claim and exhaust
administrative remedies prior to filing a civil action.

        Plaintiff admits that if substitution is proper, her complaint must be dismissed.
The filing of an administrative claim is a mandatory condition precedent to the filing of a
civil action against the United States under the FTCA.  Melo v. United States, 505 F.2d
1026, 1028 (8th Cir. 1974).  The requirement that a plaintiff present her claim to the
proper government agency is jurisdictional in nature, and without it a court lacks the
power to hear the case.  Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996).

        In Plaintiff's Suggestions in Opposition to the pending motions, she argued that
before the Court substituted the United States as defendant and dismissed the action,

the Court should allow Plaintiff to challenge, through discovery, the validity of the scope of employment certification. The Court concluded that if the sole reason for Defendant's actions was his personal dislike for civilian contractors in general and for Plaintiff in particular, and was in no way undertaken with a view to the furtherance of promoting the Army's security goals, then Defendant's conduct would have been outside the scope of his employment. Therefore, On September 18, 2008, the Court deferred ruling on both motions, allowing Plaintiff to conduct limited discovery on the issue of Defendant's motives. The Court gave Plaintiff sixty days to complete discovery and an additional thirty days to supplement her suggestions in opposition to Defendant's motions.

Plaintiff has not supplemented her response and the time for doing so has passed. Accordingly, Plaintiff has not met her burden in refuting the United States Attorney for the Western District of Missouri's scope of employment certification. Therefore, Defendant's Motion to Substitute the United States as defendant is granted. Consequently, the United States' Motion to Dismiss for Lack of Jurisdiction is also granted.

IT IS SO ORDERED.


/s/ Ortrie D. Smith_____
ORTRIE D. SMITH, JUDGE
DATE: January 20, 2009                UNITED STATES DISTRICT COURT

2